UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON BRIDGES,<br>*Plaintiff*, | |
| v. | No. 3:21-cv-00538 (JAM) |
| WEBSTER BANK,<br>*Defendant*. | |

## ORDER TO SHOW CAUSE WHY
## COMPLAINT SHOULD NOT BE DISMISSED

Plaintiff Jason Bridges has filed a *pro se* and *in forma pauperis* complaint against Webster Bank. Because it appears that the complaint does not allege a claim for relief that arises under federal law and because it appears that there is no other basis for federal jurisdiction over any potential state law claims, I conclude that the complaint is likely subject to dismissal. But before dismissing the complaint, I will allow the plaintiff an opportunity to file a response to explain why his complaint should not be dismissed or to file an amended complaint that overcomes the concerns set forth in this ruling.

### BACKGROUND

Bridges' address is in Bloomfield, Connecticut, and he filed this complaint against Webster Bank in Bloomfield, Connecticut.[1] The complaint is challenging to follow, but the dispute underlying the complaint appears to arise from an account that Bridges held or that was opened in Bridges' name at Webster Bank.[2] Bridges may have been arrested in some way related to this bank account, and his complaint may in some way relate to a different lawsuit, *Bridges v.*

---

[1] Doc. #1 at 1.
[2] *Id*. at 4-7, 10.

1

*Franckling*.[3] The complaint also includes a letter Bridges sent to a Department of Justice official in 2018 asking him to investigate his Webster Bank account.[4] Finally, the complaint references a $400 fee.[5]

The complaint does not cite any particular provision of law to allow Bridges to proceed with a claim, and it does not state any specific relief sought.

## DISCUSSION

This Court has authority to review and dismiss a complaint if it is "frivolous or malicious," if it "fails to state a claim on which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). If a plaintiff is a *pro se* litigant, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g., Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish at least plausible grounds for a grant of relief. *See, e.g., Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Bridges may promptly respond or file an amended complaint that addresses these concerns.

It is a very basic principle of law that federal courts like this Court are courts of limited jurisdiction. *See generally Gunn v. Minton*, 568 U.S. 251, 256 (2013). In general, federal courts

---

[3] *Id.* at 8-9.
[4] *Id.* at 10.
[5] *Id.* at 12-13.

have so-called "federal question" jurisdiction over any claims that arise under federal law. *See* 28 U.S.C. § 1331. Federal courts also have so-called "diversity" jurisdiction over claims that arise under state law if the parties are citizens of different States and if the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

Although Bridges does not specify a provision of federal law that allows him to proceed with his claim, it appears in essence that Bridges' complaint, construed broadly, seeks to sue Webster Bank under 42 U.S.C. § 1983. It is well-established that a plaintiff may maintain a § 1983 claim only against a defendant who has acted under color of state law. A plaintiff may not maintain an action under § 1983 against a private party unless the plaintiff shows that the private party's actions amounted to conduct that was undertaken in a state or local governmental capacity. *See Fabrikant v. French*, 691 F.3d 193, 206-09 (2d Cir. 2012).

Here, Bridges does not allege facts to suggest that the only defendant, a private bank, acted in a governmental capacity. Accordingly, it appears that there is no basis for Bridges' claim to proceed under § 1983. Nor do the facts as alleged appear to show a violation of any other federal law for which there is a private right of action, as distinct from a violation of state law such as for a claim of negligence or breach of contract. *See, e.g., Fischer & Mandell, LLP v. Citibank, N.A.*, 632 F.3d 793 (2d Cir. 2011) (discussing state law claims for bank's alleged mismanagement of bank account).

As for any state law claims, the complaint here does not allege facts to show that this Court would have diversity jurisdiction. First, the facts alleged suggest that both Bridges and Webster Bank are citizens of the same State (Connecticut) rather than citizens of different States. Second, Bridges does not allege facts to suggest that Webster Bank caused him more than the

required $75,000 of damages. The only monetary amount referenced in the complaint is a $400 fee, and Bridges does not state the amount of damages that he seeks.

## CONCLUSION

For the reasons stated above, it appears that the complaint is subject to dismissal for failure to allege any plausible grounds for relief under federal law or to allege any state law claim that is subject to the jurisdiction of a federal court. The Court will allow Bridges an opportunity to file a response by **April 30, 2021** to explain why this action should not be dismissed or to file by that date an amended complaint that sets forth factual allegations that overcome the concerns stated in this ruling. Alternatively, if Bridges agrees in light of this ruling that this action may not proceed in a federal court, then he may file a motion to withdraw this action. The Court notes that any dismissal or withdrawal of this federal court action would be without prejudice as to any state law claim that Bridges might wish to file in the state courts of Connecticut and subject to their rules.

It is so ordered.

Dated at New Haven this 22nd day of April 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge